## Wrigglesworth's Estate.

*Judgment—Preference—Payment—Future advances—Collateral.*

Where a judgment entered on a judgment note is paid in full upon a promise on the part of the plaintiff in the judgment to let the note stand as collateral for future purchases by the defendant, the judgment does not lose its preference as collateral for the payment of such purchases as against a judgment subsequently entered by another party against the defendant, unless such other party has been misled by one of the parties to the agreement.

Exceptions to auditor's report. O. C. Clearfield Co., No. 9898.

*Pentz & Pentz,* for exceptant; *Hartswick, Arnold & Platt,* contra.

CHASE, P. J., July 8, 1926.—The exceptions by the Du Bois National Bank, a judgment creditor of the deceased, to the auditor's report are seven in number. The first six need no discussion, and the auditor's report and findings on the same are affirmed without comment.

As to the seventh exception, the facts which are material to the issue raised are: That H. P. Wrigglesworth, the deceased, on April 21, 1924, gave a note to Lauderbaugh, Zerby Company for $421.45, on which judgment was entered to No. 57, September Term, 1924, in the Court of Common Pleas of Clearfield County. At the time the note was given and entered, the said H. P. Wrigglesworth was indebted to the payee in the note in the sum for which the note was given. Although this note was given, Lauberbaugh, Zerby Company did not close up the account, but considered the note as collateral. One payment was made on account of the book account on which the note was given of $25 on June 11, 1924, and, subsequently, on July 23rd or 24th an agreement was entered into between this judgment creditor and debtor that the balance of the note would be paid on condition that the judgment creditor, the wholesale grocery house, would extend credit to the judgment debtor on an open account and have the note stand as collateral against the future purchases; and, in accordance with this agreement, on July 24th the balance due on the judgment note in question was paid in full, a new account was opened under the agreement above mentioned and subsequently credit was extended to Wrigglesworth, so that a balance was due Lauderbaugh, Zerby Company at the time of the audit of $517.96.

On July 24, 1924, the Du Bois National Bank, the exceptant, entered a judgment against Wrigglesworth in the Court of Common Pleas to No. 356, September Term, 1924, which note was dated July 23, 1924.

### Wrigglesworth's Estate.

The exceptant contends under these facts that the auditor erred in allowing the Lauderbaugh, Zerby Company judgment a preference of its judgment over that of the exceptant. The exceptant contends the evidence discloses that the account for which the judgment was given as collateral was fully paid on July 23, 1924, which is not disputed, and, therefore, the note of the bank, which was given on that date for a claim due, would have preference. As we view the law, that fact does not alter the situation as to the law. The payment was on an agreement for future credit and the collateral note was to remain a lien of record for the future credit.

The evidence discloses that advancements were made on July 23rd and on July 24th to Wrigglesworth, which is convincing evidence of the agreement as to future credit, as testified to. The exceptant was in no way misled by this agreement; the contract was in existence and a lien on record at the time of the execution of the exceptant's note. The exceptant had legal notice of this lien, and if the deceased had not been indebted to the Lauderbaugh, Zerby Company in any sum when the note was given the exceptant, or was indebted in a large amount, so long as the agreement was made as to future advancements and credit was subsequently given by virtue of that agreement, unless the exceptant could show such a course of conduct as to be misled by either one of the parties to the agreement, the lien would take preference.

We feel the law as laid down in the case of Land Title and Trust Co. v. Shoemaker, 257 Pa. 213, and the cases cited therein, fully justify the conclusion and distribution as made by the learned auditor.

Now, July 8, 1926, exceptions dismissed, findings of auditor sustained, costs on exceptions to be deducted from the sum awarded to the exceptant by the auditor. Exceptions noted and bill sealed to the exceptant.